An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-611

Filed 6 August 2025

New Hanover County, Nos. 20CRS057069-640, 20CRS057070-640

STATE OF NORTH CAROLINA

> v.

FREDDIE ANTHONY JACKSON

Appeal by defendant from judgment entered 11 August 2023 by Judge G. Frank Jones in New Hanover County Superior Court. Heard in the Court of Appeals 20 May 2025.

> *Attorney General Jeff Jackson, by Special Deputy Attorney General Heidi M. Williams, for the State.*
>
> *Jarvis John Edgerton, IV, for defendant-appellant.*

DILLON, Chief Judge.

Defendant Freddie Anthony Jackson was convicted in 2023 for crimes committed decades earlier, in 1995. Defendant challenges the admission at his trial of certain DNA evidence, contending the evidence was admitted in violation of the Confrontation Clause in the Sixth Amendment to the federal constitution. Upon review, we conclude that Defendant received a fair trial, free from reversible error.

## I.    Background

The State presented evidence at trial that tended to show the following:

In the early morning hours of 2 September 1995, a woman working at a convenience store in Wilmington was raped, sexually assaulted, kidnapped, and robbed.

Shortly after the assault, the victim was transported to New Hanover County Medical Center, where a nurse conducted a sexual assault kit on the victim. Years later, our State Crime Lab contracted with a private lab to analyze the woman's untested vaginal swabs contained in the sexual assault kit. The Wilmington Police Department received a lab report from the private lab showing vaginal swabs taken from the woman matched Defendant's DNA. On 23 May 2022, a New Hanover County grand jury indicted Defendant.

On 7 August 2023, this case was tried in New Hanover County Superior Court. Defendant was found guilty on 11 August 2023 of two counts of first-degree rape, two counts of first-degree sexual offense, one count of first-degree kidnapping, and one count of robbery with a dangerous weapon. Defendant appeals.

## II.    Analysis

On appeal, Defendant argues the trial court erred by admitting the testimony of a third-party DNA analyst from the private lab and her accompanying lab report

in violation of a criminal defendant's right to confront witnesses, as guaranteed by the Sixth Amendment of the United States Constitution. *See* U.S. Const. Amend. VI.

Defense counsel objected when the State moved to tender DNA analyst Emily Koch as an expert witness. Prior to beginning voir dire, defense counsel stated: "I'm gonna object for substitute analyst purposes. It would be the [*State v. Ortiz-Zape*, 367 N.C. 1 (2013)] line of cases about substitute analyst. It's my request to voir dire this witness to ensure that she's not a substitute analyst."

Following voir dire, defense counsel changed his argument:

> I think the issue here is we don't know if this is the data that experts in this field reasonably rely upon. . . . So I think it's different than other substitute analyst cases that we have on record because those attach the surrogate testimony. *I don't think that this is surrogate testimony.* I think that *we cannot be assured* under [Rule of Evidence] 702 and the confrontation clause *that the facts she relied upon in reaching her opinion are those that are reasonably relied upon in this field of forensics.*

(Emphasis added). Defense counsel abandoned his initial argument that Koch was providing surrogate testimony as a substitute analyst. Instead, he argued that "we cannot be assured . . . that the facts she relied upon in reaching her opinion are those that are reasonably relied upon" in forensic science. Thus, Defendant failed to preserve his initial argument for appellate review. *See* N.C R. App. P. 10(a)(1) (requiring a party (1) to have presented an objection to the trial court which states the specific grounds for the party's desired ruling and (2) to obtain a ruling on the objection); *State v. Sharpe*, 344 N.C. 190, 194 ("[W]here a theory argued on appeal

was not raised before the trial court, the law does not permit parties to swap horses between courts[.]").  Defendant cannot resuscitate his initial argument here on appeal.  *See State v. Lloyd*, 354 N.C. 76, 86−87 (2001) ("Constitutional issues not raised and passed upon at trial will not be considered for the first time on appeal.").

Because Defendant failed to preserve his argument at the trial court, he waived appellate review of the argument.

NO ERROR.

Judges ARROWOOD and HAMPSON concur.

Report per Rule 30(e).